IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER HARRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CURTIS PRITTCHERT, *et al.*, )<br>)<br>Defendant. ) | CASE NO. 2:12-CV-450-WC<br>[WO] |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Christopher Harris ["Harris"], an indigent inmate, challenges the medical treatment provided to him for an issue with rectal prolapse in February of 2012 and general conditions at the Bullock County Jail. *Doc. No. 1* at 2-5. Harris seeks a declaratory judgment, injunctive relief and compensatory damages for the alleged violations of his constitutional rights. *Id*. at 4.

The defendants filed a special report and supporting evidentiary materials addressing Harris' claims for relief.  In these documents, the defendants adamantly deny they acted in violation of Harris' constitutional rights.  In addition, the defendants assert that the complaint is due to be dismissed because prior to filing this cause of action Harris failed to properly exhaust an administrative remedy available to him at the Bullock County Jail with respect to the claims presented in the complaint. *Defendants' Special Report - Doc.*

*No. 23* at 4-6.  The defendants base their exhaustion defense on the plaintiff's failure to file a grievance regarding the claims pending before this court as allowed by the jail's grievance procedure before seeking relief from this court.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted).  Therefore, the court will treat the defendants' report as a motion to dismiss.

## II.  STANDARD OF REVIEW

The Eleventh Circuit has described the analytical framework of a federal court's inquiry into exhaustion under the Prison Litigation Reform Act ["PLRA"] as follows:

> [T]he question of exhaustion under the PLRA [is] a "threshold matter" that [federal courts must] address before considering the merits of the case.  *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).  Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). . . .
> 
> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant,* 530 F.3d at 1373–74).  If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)."

*Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (unpublished decision).

As instructed by the Eleventh Circuit, this court is obliged to "resolve this issue first." *Id.* Upon review of the undisputed facts of this case as evidenced by the evidentiary materials filed by the defendants, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Harris challenges conditions of confinement at the Bullock County Jail. In response to the claims presented in the complaint, the defendants deny Harris' allegations and likewise maintain that this case is subject to dismissal because Harris failed to exhaust the administrative remedy provided at the Bullock County Jail prior to filing this complaint as required by the PLRA, 42 U.S.C. § 1997e(a).

The PLRA compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93. The Court reasoned that, because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely

grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).  "*The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint*."  *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

The record before the court establishes that the Bullock County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Defendants' Exhibit E - Doc. No. 23-5* at 2.  The grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters/conditions occurring at the Bullock County Jail.  *Id*. at 2.  The relevant portion of the grievance procedure provides that "[a]n inmate wishing to file a grievance will be provided with an Inmate Grievance Form upon request.  The jail administrator or [a] correction officer will then receive completed Grievance Forms and an attempt to resolve the grievance will be made by the jail administrator. . . .  If the jail administrator cannot resolve the grievance[], then it will be forwarded to the Bullock County Sheriff to be resolved. . . .  The decision of the Detention Facility Administrator may be appealed by the inmate in writing to the Sheriff of Bullock County within seventy-two  (72) hours of receipt of the grievance decision." *Id.*

On September 16, 2014, the court entered an order which provided Harris an opportunity to file a response to the arguments set forth by the defendants in which he was

advised to "specifically address the defendants' assertion[] that ... [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act" ... prior to filing this federal civil action. *Doc. No. 25* at 1. The time allowed Harris to file his response expired on October 1, 2014. As of the present date, Harris has filed no response to this order. The court therefore concludes that the claims presented in this cause of action are subject to dismissal. *Ngo*, 548 U.S. at 87-94.

It is undisputed that Harris failed to properly exhaust an administrative remedy available to him at the Bullock County Jail prior to seeking federal relief, a precondition to proceeding in this court on his claims. Specifically, Harris did not submit any grievance related to the instant claims for relief as permitted by the jail's grievance procedure before he filed this cause of action. This fact is the sole pertinent factor in "determining whether [Harris] has satisfied the PLRA's exhaustion requirement." *Smith*, 491 F. App'x at 83. In addition, Harris has presented nothing to justify his failure to exhaust the jail's grievance procedure.

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED and ADJUDGED that:

1. The defendants' motion to dismiss is GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Bullock County Jail prior to filing this federal

civil action.

    2.  This case is DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Bullock County Jail.

    A separate order of Final Judgement will accompany this memorandum opinion.

    Done this 20th day of October, 2014.


                               /s/ Wallace Capel, Jr.
                               WALLACE CAPEL, JR.
                               UNITED STATES MAGISTRATE JUDGE